**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
Nevada Bar No. 14951
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CLAUDIA SAMPEDRO, DENISE MILANI a/k/a DENISE TRLICA, JESSICA HINTON a/k/a JESSA HINTON, PAOLA CANAS, ROSIE WICKS a/k/a ROSIE JONES, and SANDRA VALENCIA,<br><br>    Plaintiffs,<br><br>  vs.<br><br>CAWACHA ENTERTAINMENT, LLC d/b/a MANGO TANGO NIGHTCLUB,<br><br>    Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiffs, CLAUDIA SAMPEDRO, DENISE MILANI a/k/a DENISE TRLICA, JESSICA HINTON a/k/a JESSA HINTON, PAOLA CANAS, ROSIE WICKS a/k/a ROSIE JONES, and SANDRA VALENCIA ("Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against Defendant CAWACHA ENTERTAINMENT, LLC d/b/a MANGO TANGO NIGHTCLUB ("Defendant" or "Mango Tango" or the "Club"), respectfully allege as follows:

1

KRB/27609

**BACKGROUND**

1.    This is an action for damages and injunctive relief relating to Defendant's misappropriation and unauthorized publication of images of Plaintiffs, who are world-renowned professional models, to promote its nightclub, MANGO TANGO NIGHTCLUB.

2.    As detailed below, Defendant's unauthorized use of Plaintiffs' images, photos, and likenesses (collectively, "Images") constitutes: a) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1), which prohibits the false or misleading use of a person's image for commercial purposes; b) violation of Nevada's Right of Publicity statute, NRS 597.810, which protects a person's right to control publicity of their image and likeness; c) violation of Nevada's fraudulent and unfair trade practices laws, NRS 41.600 and NRS 598.0915, which prohibits unlawful, unfair and fraudulent business acts or practices, as well as deceptive advertising; d) negligence/*respondeat superior*; e) common law unfair competition/misappropriation; and f) unjust enrichment.

3.    In addition to the actual, punitive, and exemplary damages set forth below, Plaintiffs likewise seek an Order from this Court permanently enjoining Defendant from using their Images to promote Mango Tango, via any medium.

**JURISDICTION & VENUE**

4.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have stated claims under, *inter alia*, the Lanham Act, 28 U.S.C. § 1125(a)(1)(A) and (B).  This Court also has subject matter jurisdiction the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

5.    As set forth immediately below, CLAUDIA SAMPEDRO, DENISE MILANI a/k/a DENISE TRLICA, JESSICA HINTON a/k/a JESSA HINTON, PAOLA CANAS, ROSIE

WICKS a/k/a ROSIE JONES, and SANDRA VALENCIA are, and at all times relevant to this action have been, professional models.

6.     According to publicly available records, Defendant CAWACHA ENTERTAINMENT, LLC d/b/a MANGO TANGO NIGHTCLUB is a limited liability company organized and existing pursuant to the laws of the State of Nevada doing business as a night club under the name Mango Tango Nightclub (a/k/a Mango Tango Bar & Grill) at 2101 S. Decatur Blvd., #1, Las Vegas, Nevada 89102.

7.     Venue is proper in the United States District Court for the District of Nevada because Las Vegas, Nevada is the principal place of business for Defendant.

8.     All parties have minimum contacts with Clark County, a significant portion of the alleged causes of action arose and accrued in Clark County, Nevada, and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Clark County.

**PARTIES**

*Plaintiffs*

9.     Plaintiff CLAUDIA SAMPEDRO is an individual residing in the State of California.

10.    Plaintiff DENISE MILANI a/k/a DENISE TRLICA is an individual residing in the State of California.

11.    Plaintiff JESSICA HINTON a/k/a JESSA HINTON is an individual residing in the State of California.

12.    Plaintiff PAOLA CANAS is an individual residing in the State of Florida.

KRB/27609

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

13.     Plaintiff ROSIE WICKS a/k/a ROSIE JONES is an individual residing in the United Kingdom.

14.     Plaintiff SANDRA VALENCIA is an individual residing in Colombia.

***Defendant***

15.     According to publicly available records, CAWACHA ENTERTAINMENT, LLC d/b/a MANGO TANGO NIGHTCLUB is a limited liability company organized and existing pursuant to the laws of the State of Nevada doing business as a nightclub under the name Mango Tango Nightclub (a/k/a Mango Tango Bar & Grill) at 2101 S. Decatur Blvd., #1, Las Vegas, Nevada 89102.

## FACTUAL ALLEGATIONS

16.     As set forth immediately below, Plaintiffs are well-known professional models who earn their livelihood modeling and selling their identity, image and likeness (collectively "Images") to companies, magazines, and individuals for the purpose of advertising, endorsing, or promoting products and services.

17.     Mango Tango misappropriated Plaintiffs' images and likenesses and repeatedly published them in a misleading, deceptive, and potentially defamatory manner.  Incredibly, to this date Mango Tango's violations are ongoing.

18.     There is no question that Mango Tango or parties acting on its behalf misappropriated the images and likenesses of the Plaintiffs for the purpose of using the value of the Plaintiffs' Images for the value associated with them. Plaintiffs are internationally known for gracing the covers of countless mainstream publications in addition to having careers in television and film. All Plaintiffs are easily identifiable at a glance. Moreover, Mango Tango undoubtedly received a benefit from its unauthorized use of the Plaintiffs' Images.  The Plaintiffs have suffered damages as a result of Mango Tango's conduct.

4                    KRB/27609

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

19.     Claudia Sampedro is a Cuban born model, mother, and spokeswoman. Sampedro moved to Miami when she was 6 years old and at 16, was discovered by Elite models. Sampedro has appeared in many catalogues, and magazine editorials. She has a number of cover credits for magazines such as *Nine 5 Four, Shock, Face to Face* and *Mixed*. Sampedro is a sponsored model for Nutri Sups Nutrition and is also a spokesmodel and contracted model for Bare Ava. Sampedro is in the Social Media Influencers top class with over a million Instagram followers and a further combined half million fans on Facebook and Twitter. Sampedro has three children and is married to former Green Bay Packer's star defensive end Julius Peppers.

20.     Mango Tango misappropriated Ms. Sampedro's image and likeness and posted it multiple times (November 18 and 25, 2019 and December 2, 2019) to the Club's Facebook account advertising the Club's "Lunes con Sabor a Fiesta Cubana" event. Another image of Ms. Sampedro was posted on Mango Tango's Facebook account on November 23, 2019 advertising every Saturday "Latin Night" at Mango Tango. A third image of Ms. Sampedro was posted multiple times (February 13, 20, and 27, 2021; March 6, 12, 13, 20, and 26, 2021; April 3, 2021; August 13, 2021) on Mango Tango's social media accounts advertising the Club's "Viernes de Solteras" events. The images were posted repeatedly to the multiple events and remain posted to the present day.  The images of Ms. Sampedro were deliberately positioned to imply that she was an employee working at the club or that she endorsed the club. The images were used without the permission of Ms. Sampedro and are misleading, deceptive, and potentially defamatory on their faces.  The images were circulated via social media by Mango Tango on many occasions.  The images are attached to this Complaint as **Exhibit A**.

21.     Denise 'Milani' Trlica is the world's most famous pinup model, who is frequently named one of the most searched women on the internet. At one point, her self-titled website was the most popular model website in the world. Milani also became the winner of Miss Bikini

KRB/27609

World 2007. At 21, Milani was given an opportunity to model for SPORTSbyBROOKS as a sports model and posed for such publications as PinupFiles.com. In 2009, Milani was selected as the 99th most desired woman in the world by *Askmen Magazine*. In 2011, she was ranked in the 5th position in championship NPC Excalibur Bikini held in Culver City, California. Similarly, in the year 2013, she was one of ten (10) most desirable women in the world. Milani's social media reach has hit over 660 thousand followers on Instagram, 6.3 million Facebook likes, and over 126 thousand followers on Twitter.

22.    Mango Tango misappropriated Ms. Milani's image and likeness and posted it to the Club's Facebook account on June 28, 2019 advertising the Club's "Viernes de Solteras" event. Another image of Ms. Milani was posted on Mango Tango's Facebook account multiple times (August 18 and 25, 2019; September 29, 2019; October 20 and 21, 2019; November 3, 11, 17, 24, and 25, 2019; December 1 and 2, 2019) on Mango Tango's Facebook account advertising the Club's Sunday events. The images were posted repeatedly to the multiple events and remain posted to the present day.  The images of Ms. Milani were deliberately positioned to imply that she was an employee working at the club or that she endorsed the club. The images were used without the permission of Ms. Milani and are misleading, deceptive, and potentially defamatory on their faces.   The images were circulated via social media by Mango Tango on many occasions.  The images are attached to this Complaint as **Exhibit B**.

23.    Jessica Hinton a/k/a Jessa Hinton was discovered by a talent manager at a wedding at 14. By 16 she locked in three national TV commercials and made guest appearances on *Baywatch* and *7ᵗʰ Heaven*. Hinton expanded her portfolio to include runway modeling and print campaigns at 18. In 2010, Hinton was the face of the *Palms Hotel & Casino's* ad campaign. She then pursued TV personality roles hosting for *Victory Poker*, and *Top Rank Boxing* interviewing the likes of Manny Pacquiao and Shane Mosley. In 2011, she was selected as *July's*

**ALVERSON TAYLOR & SANDERS**
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

*Playmate of the Month* becoming one of the most popular Playmates of that year. She was the center piece of an ad campaign for *Milwaukee's Best Beer* in conjunction with *Playboy Enterprises*. Hinton also attained spokesmodel roles for *Affliction Clothing*, *Enzo*, *Milano Hair Products*, *REVIV Wellness Spa*, and *Protein World*. She has ongoing modeling contracts with *Rhonda Shear Shapewear*, *Leg Avenue,* and *Roma Costume*, in addition to hosting a Los Angeles, CA television station *KTLA*. Her images have appeared on billboards, magazines, posters, and multiple forms of electronic media. Hinton has been a featured front cover model gaining attraction for magazines such as *FHM*, *Kandy*, *MMA Sports*, *Guitar World*, and *Muscle & Fitness*. She was named Creative Director for *MAJR Media* and was given part ownership for her role with the company. Hinton has successfully accomplished elite status as a social media celebrity with a combined total of over 4.2 million followers on Facebook, Instagram, and Twitter.

24.     Mango Tango misappropriated Ms. Hinton's Image and posted it on February 16, 2018 on Mango Tango's Facebook account, advertising the Club's "Viernes de Solteras" events. Additionally, Mango Tango uses the image of Ms. Hinton as the header photo for Mango Tango's Twitter page. The images of Ms. Hinton have remained posted to the present day. The images of Ms. Hinton were deliberately positioned to imply that she was an employee working at the club or that she endorsed the club. The images were used without the permission of Ms. Hinton and are misleading, deceptive, and potentially defamatory on their face.  The images were circulated via social media on by Mango Tango. The images are attached to this Complaint as **Exhibit C**.

25.     Paola Canas is a Colombian-born model now residing and working in the United States. Canas has been in the industry for over twelve years and has found great success as a model, host, runway model, and actor. Canas has worked runway shows in her native Colombia,

KRB/27609

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

as well as Mexico, Ecuador, United States, and most recently in Paris, France. She heads up the international campaign and was a contracted model for Curve and their worldwide lingerie line. In Dubai, United Arab Emirates, Canas was chosen as the face of the Masters Golf Tournament, and was the image for the "International Surf and Sport Expo" in Orlando, FL. She has worked for international brands and labels such as SOHO, KISS underwear, Salon International, Zona Rosa, and Esteban Escobar. She has appeared in numerous TV shows like "FOX Sports" and on TV networks such as Telemundo and TV Azteca. Canas continues to build an impressive profile and is constantly in demand between Miami, FL, New York, NY, and Los Angeles, CA. Canas has over 545,000 Instagram followers, over 10,500 followers on Twitter, and over 9,000 Facebook "Likes".

26.    Mango Tango misappropriated Ms. Canas' image and likeness and posted it on November 26, 2021 on social media to advertise Mango Tango.  The image features Ms. Canas promoting the Club's "Noche de Solteras - Black Friday" event. The image of Ms. Canas has remained posted to the present day. The image of Ms. Canas was deliberately positioned to imply that she was an employee working at the club or that she endorsed the club.  The image was used without the permission of Ms. Posada and is misleading, deceptive, and potentially defamatory on its face.  The image was circulated via social media by Mango Tango.  The images are attached to this Complaint as **Exhibit D**.

27.    Rosie Wicks a/k/a Rosie Jones (known professionally as Rosie Jones – recently married) is an English model and actress. Wicks joined the Samantha Bond Management and started modeling in 2008 at the age of 17. At 18, she became a Page 3 girl for The Sun newspaper and began modeling for such magazines as *FHM* and *Front*. Wicks was invited to the PES Rankings UK Main Event to sign some posters and to give away the prize for the event, where she was a crowd favorite. She appeared in music videos for "You Can Dance" with Bryan

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

Ferry and Professor Green's video "Be Good To Green". Wicks gained huge publicity and helped the cause when she raised money for Help for Heroes by ascending Mount Toubkal in Morocco. During the 2013 Christmas holiday season, she appeared in a number of music video clips of the German comedy band, Keule. Wicks' social media profile is growing rapidly along with a professional personal website that was built by her fans.

28.    Mango Tango misappropriated Ms. Jones' image and likeness and posted it on multiple occasions (February 28, 2018; March 29, 2018; April 4, 2018) on social media for Mango Tango.   The image features Ms. Jones promoting Mango Tango's "Miercoles de Gozadera" event at the Club. The image of Ms. Jones has remained posted to the present day. The image of Ms. Jones was deliberately positioned to imply that she was an employee working at the club or that she endorsed the club. The image was used without the permission of Ms. Jones and is misleading, deceptive, and potentially defamatory on its face.   The image was circulated via social media by Mango Tango.   The image is attached to this Complaint as **Exhibit E**.

29.    Sandra Valencia is, and at all times relevant to this action was, a successful professional model with numerous accomplishments. She is regarded as one of the top models in her home country of Colombia. Valencia has modeled in Ecuador, Peru, The Dominican Republic, Mexico, and Venezuela. She has worked with clients such as Diesel, Americanino, Leonisa, Chevignon, and Onde de Mar, and is the contract face of Besame Lingerie. She currently has over 152,000 Instagram followers and over 75,000 Twitter followers.

30.    Mango Tango misappropriated Ms. Valencia's image and likeness and posted it multiple times (June 27, 2021; August 8, 22, and 25, 2021; January 1 and 2, 2022) to the Club's social media accounts advertising the Club's "Latin Saturday" events. Another image of Ms. Valencia was posted on Mango Tango's social media accounts on multiple occasions (October

KRB/27609

17 and 24, 2021; November 20, 2021) again advertising "Latin Saturdays" at Mango Tango. A third image of Ms. Valencia was posted multiple times (June 8, 9, and 22, 2018) on Mango Tango's social media accounts advertising the Club's "Viernes de Solteras" events. Additionally, multiple posts were made by Mango Tango on its social media accounts on multiple occasions (April 14, 22, and 29, 2018) combining both images of Ms. Valencia into advertisements for the Club's "Latin Saturdays" events. Finally, another image of Ms. Valencia was posted in an advertisement for the Club's "Viernes de Solteras" event on May 11, 2018. The images were posted repeatedly to the multiple events and remain posted to the present day.  The images of Ms. Valencia were deliberately positioned to imply that she was an employee working at the club or that she endorsed the club. The images were used without the permission of Ms. Valencia and are misleading, deceptive, and potentially defamatory on their faces.  The images were circulated via social media by Mango Tango on many occasions.   The images are attached to this Complaint as **Exhibit F**.

31.    None of the Plaintiffs consented to Mango Tango's use of the images.   The Plaintiffs are all talented, highly successful models who earn substantial amounts of money by promoting and protecting their images and likenesses to various clients and take great pride in their reputation in their industry.  It is common knowledge that any improper or unauthorized use of their images or likenesses will substantially injure their careers.  All of the aforementioned images are labeled as Exhibits A-F and are attached to this Complaint featuring the names of each Plaintiff above her image (added for clarity).

32.    Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical in order to maximize earning potential, book modeling contracts, and establish each of their individual brands.  In furtherance of establishing, and

KRB / 27609

maintaining their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they choose to model.

33.     Plaintiffs' Images were misappropriated, by the Defendant in order to make it appear that they worked at, promoted, or endorsed Mango Tango.

34.     In the case of each and every depiction featuring Plaintiffs' Images, such appearances were false.

35.     Moreover, in each and every case, this misappropriation occurred without any Plaintiffs' knowledge, consent, or authorization and at no point did any Plaintiff ever receive any remuneration for Defendant's improper and illegal use of their Images, and Defendant's improper and illegal use of Plaintiffs' Images has caused Plaintiffs to suffer substantial damages.

36.     That we know of, Plaintiffs were depicted in social media, website, and other Internet posts in order to promote Mango Tango. These posts were intentionally designed to make it appear that Plaintiffs are either working at Mango Tango, promoted Mango Tango, or endorsed the Club.

37.     No Plaintiff has ever been employed at Mango Tango and has never (and would never) agree to sign away her Image rights to be used in any way that affiliates her with Mango Tango.

38.     Plaintiffs have never been hired to endorse Mango Tango, have received no remuneration for Defendant's unauthorized use of their Images, and have suffered, and will continue to suffer, damages as a result of Defendant's use of their Images.

***Ownership of Images***

39.     All Plaintiffs have reviewed the imagery in question and have positively identified themselves as the models depicted in the doctored internet and social media posts used by Defendant to market and promote the club.  As described more specifically for each Plaintiff

KRB/27609

above, some of the photographs used to create the night club advertisements were taken professionally, and a release was signed at the time of the photo shoot. However, no Plaintiff ever released her Right to Privacy, Publicity, or the right to any third party to sell her image to any third-party not a party to the original release without her permission. No Plaintiff ever agreed to promote a night club via the imagery taken by Mango Tango.

40.    Additionally, if any release was signed, it did not give any person rights to use the photographs into perpetuity. The industry standard varies, but a model rarely, if ever, signs a release of all rights into perpetuity for the use of her image. Moreover, if a release was signed, it did not include a release of the Plaintiffs' publicity rights and, in fact, several of the releases specifically stated that Plaintiffs retained their right to publicity. The right to a person's image and likeness is not copyrightable and, therefore, Plaintiffs are not asserting copyright claims.

41.    Moreover, as described more specifically for each Plaintiff above, some of the photographs were taken as "selfies" and are therefore fully owned by the individual Plaintiff or they were taken for personal use in an individual Plaintiff's portfolio in order to allow her to market herself to new clients. In these cases, no release was signed and no copyright interest was asserted. In these cases, as above, each Plaintiff fully retained her right to publicity and privacy and in no case did any Plaintiff ever agree, nor did any third party hold the right to agree on her behalf, that Defendant could use her image and likeness in order to market, promote, or endorse their night clubs. Based on these rights, Plaintiffs assert the Causes of Action described below.

### Defendant's Business

42.    Upon information and belief, CAWACHA ENTERTAINMENT LLC operates a nightclub under the name Mango Tango Nightclub (a/k/a Mango Tango Bar & Grill) that engages in the business of selling alcohol and food in a sexually-charged atmosphere.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KRB/27609

43.    Defendant does this for its own commercial and financial benefit.

44.    Mango Tango used, advertised, created, printed, and/or distributed the Images of Plaintiffs, as further described and identified above, in order to create the false impression with potential clientele that Plaintiffs either worked as employees at Mango Tango, promoted Mango Tango, or endorsed Mango Tango.

45.    Mango Tango used Plaintiffs' Images, and created the false impression that they worked at or endorsed Mango Tango in order to receive certain benefits therefrom, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; as well as an increase in business revenue, profits, proceeds, and income.

46.    As Mango Tango was at all times aware, at no point have Plaintiffs ever been affiliated with or employed by Mango Tango, and at no point have Plaintiffs ever endorsed Mango Tango.

47.    All of Mango Tango's activities, including its misappropriation of Plaintiffs' Images, and publication of them, were done without the knowledge or consent of Plaintiffs, and Mango Tango did not compensate Plaintiffs for its use of their Images.

48.    As such, Plaintiffs have never received any benefit for Mango Tango's use of their Images.

***Standard Business Practices in the Modeling Industry***

49.    It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

50.    The fee that a professional model, such as each of the Plaintiffs, will receive is negotiated by her agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b)

KRB/27609

the location where the photo shoot takes place, and the length thereof; c) where and how the Image are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards or posters), known as "usage"; and, d) the length of time (known as the "term") the rights to use the photos will be assigned. Most licenses to use a model's image are for 1, 2, or 3 year terms; but almost never is there a "lifetime" term.

***Defendant's Misappropriation of Plaintiffs' Images***

51.    As detailed above, Defendant knowingly, and without the prior consent of the Plaintiffs, invaded Plaintiffs' privacy and right of publicity by using Plaintiffs' Images for commercial purposes in order to promote Mango Tango, by and through the use of internet posts and/or social media posts.

52.    Defendant showcased Plaintiffs' Images on the Mango Tango materials in order to create the false impression that Plaintiffs worked at Mango Tango, or endorsed the Club.

53.    Defendant did so in order to attract clientele to Mango Tango, promote Mango Tango, and thereby generate revenue for Defendant.

54.    Defendant was aware that, by using Plaintiffs' Image, it was violating Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at and/or endorsed Mango Tango.

55.    Plaintiffs allege that any improper or unauthorized use of their Images substantially injures their reputation, character, and current career. This is especially so insofar as each of Plaintiffs' Images have been associated with a nightclub, and the implication of Defendant's use of Plaintiffs' Images is that she is an employee working in a sexually provocative nightclub.

56.    At no point were Plaintiffs ever affiliated with Mango Tango or Defendant.

57.    Plaintiffs' Images were used without their consent.

14

KRB/27609

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

58.     At no point were Plaintiffs ever contacted by Defendant, or any representative of any of the Defendant, to request the use of Plaintiffs' Images.

59.     Defendant never obtained, either directly or indirectly, permission to use Plaintiffs' Images.

60.     Defendant never paid any Plaintiffs for use of their Images on any promotional materials, including Mango Tango's social media, Internet, and/or other promotional materials.

61.     By using the Plaintiffs' image and likeness, Defendant did not use their own advertising idea, and instead used the Plaintiffs' (or their licensees') advertising ideas to promote their club to the public.

62.     Defendant used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive the Plaintiffs of their right to determine the use their Images.

63.     Upon information and belief, Defendant have taken the foregoing actions with the intent of causing irreparable harm to each of the Plaintiffs.

## FIRST CAUSE OF ACTION
### (Violation of §43 of the Lanham Act, 15 U.S.C. §1125 *et seq.*: False Association)

64.      Plaintiffs hereby repeat and re-allege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

65.     The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq*. apply to Defendant and protect Plaintiffs from the conduct described herein.

66.     Defendant used Plaintiffs' Images, *inter alia*, in order to create the false impression with the public that Plaintiffs either worked at Mango Tango as employees or endorsed the business.

///

KRB/27609

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

67.    This was done to promote and attract clientele to Mango Tango, and thereby generate revenue for the Defendant.

68.    Thus, this was done in furtherance of Defendant's commercial benefit.

69.    Despite the fact that Defendant was at all times aware that the Plaintiffs neither worked at, nor endorsed, Mango Tango, Defendant nevertheless used Plaintiffs' Images in order to mislead potential customers as to Plaintiffs' employment at and/or affiliation with Mango Tango.

70.    Defendant knew that its use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship of and/or employment at Mango Tango.

71.    Upon information and belief, Defendant's use of Plaintiffs' Images did in fact cause consumer confusion as to Plaintiffs' employment at and/or endorsement of Mango Tango, and the goods and services provided by Mango Tango.

72.    Due to Defendant's unauthorized use of Plaintiffs' Images in order to create false endorsement as prohibited by section 43 of the Lanham Act, Plaintiffs have been damaged in an amount to be determined at trial, but in all events, not less than seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

**SECOND CAUSE OF ACTION**
**(Violation of Nevada's Right of Publicity Statute – NRS 597.810)**

73.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

74.    Plaintiffs have a right of publicity under Nevada's Right of Publicity Statute—NRS 597.810.

///

///

KRB/27609

75.     Defendant may not use the names, voices, signatures, photographs, or likenesses of Plaintiffs for any commercial use without first having obtained written consent from each respective Plaintiff for that use.

76.     As set forth herein, Defendant has violated Plaintiffs' right to publicity by invading Plaintiffs' privacy, misappropriating their Images and likenesses, and publishing on Defendant's social media outlets, the altered Images, likenesses, and/or identities of Plaintiffs, as they appear in Exhibits A-F, which make it appear as though Plaintiffs are employed by Mango Tango, endorse Mango Tango, or otherwise sponsor or support Mango Tango and/or its events and activities.

77.     Defendant's unauthorized use of Plaintiffs' Images and likenesses has been continuous and ongoing in that the Images have not been removed since their initial posting by Defendant; further, the manner in which Defendant used Plaintiffs' Images has been ongoing and continuous in such a manner that any person visiting Defendant's social media pages could view, access, and even download the image from the date it was first posted until present.

78.     Moreover, Plaintiffs are informed and believe, and herein allege, that Defendant posted and publicized their Images and likenesses in a manner that was hidden, inherently undiscoverable, or inherently unknowable, in that Defendant published Plaintiffs' Images and likenesses on social media threads that, over time, are "pushed" down in time from immediate visibility.

79.     Plaintiffs are further informed and believe, and herein allege, that discovery will prove that Defendant republicized their Images and likenesses on various occasions, via different mediums, after the initial date of posting Plaintiffs' respective Images and through the filing of this Complaint.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KRB/27609

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

80.    Plaintiffs are informed and believe, and herein allege, that Defendant's republication of Plaintiffs' Images was altered as to reach new audiences and/or to promote different products and/or services.

81.    Despite the clear language of NRS 597.810, and at all relevant times, Defendant published, printed, displayed, and/or publicly used Plaintiffs' Images, likenesses, and/or identities on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising, and marketing Mango Tango and/or Mango Tango's events and activities.

82.    The respective social media outlets were designed to attract business and generate revenue for Mango Tango.

83.    Upon information and belief, Defendant's use of Plaintiffs' Images did in fact attract clientele and generate business for Mango Tango.

84.    At all relevant times and at no point, did Defendant ever receive permission or consent, be it written or otherwise, to use Plaintiffs' Images on Mango Tango's social media outlets or for any other use or matter associated with Mango Tango.

85.    Defendant took these actions without Plaintiffs' permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Plaintiffs' Images to advertise, promote, market or endorse Defendant's businesses, Mango Tango or any Mango Tango event or activities or for any other use.

86.    Plaintiffs never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of their Images to advertise, promote, market or endorse Defendant's businesses, Mango Tango, or any Mango Tango event or activity.

///

///

18

KRB/27609

87.    Defendant was at all relevant times aware that they never received Plaintiffs' permission or consent to use Plaintiffs' Images on any website or social media account, or on any other medium, in order to promote Mango Tango.

88.    At no point did Defendant ever compensate Plaintiffs for its use of their Images.

89.    No applicable privilege or authorization exists for Defendant's use of Plaintiffs' Images.

90.    Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Plaintiffs without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Complaint.

91.    Defendant caused irreparable harm to Plaintiffs, their reputations, and brands by denying them the right to control the use of their Images and likenesses and attributing to them the lifestyle and activities at Mango Tango.

92.    Defendant has also damaged Plaintiffs as a direct and proximate result of their unauthorized use of Plaintiffs' Images, likenesses and/or identities without compensating Plaintiffs.

93.    Due to Defendant's violation of Plaintiffs' rights of privacy and publicity under NRS 597.810, Plaintiffs have been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

94.    In addition, Plaintiffs hereby request an Order permanently enjoining Defendant from violating their rights to privacy and publicity.

///

///

KRB/27609

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

95.    In addition, Plaintiffs hereby request an award of punitive damages, in an amount to be determined at trial, due to Defendant's knowing and intentional violation of their statutory rights to privacy and publicity.

96.    WHEREFORE, Plaintiffs respectfully request that the Court issue a judgment against Defendant for all remedies available under a claim of violation of their rights to publicity including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits, and other relief deemed just and proper by this Court.

## THIRD CAUSE OF ACTION

### (Deceptive Trade Practices - Violation of NRS 41.600 and NRS 598.0915)

97.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

98.    NRS 41.600 authorizes any victim of deceptive trade practices, as defined by NRS 598.0915, to bring an action against the perpetrator of the deceptive trade practices.

99.    According to NRS 598.0915, the a person engages in deceptive trade practices in violation of Nevada law when that person: 1) Knowingly makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease; 2) Knowingly makes a false representation as to affiliation, connection, association with or certification by another person; 3) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith; 4) Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or

KRB/27609

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

should know that they are of another standard, quality, grade, style or model; or 5) Knowingly makes any other false representation in a transaction.

100.    Defendant's social media and other advertisements using Plaintiffs' Images falsely imply and suggest that Plaintiffs are affiliated with, sponsor, endorse, or otherwise approve the goods, services, and other activities at Mango Tango.

101.    The advertisements, and the representations and implications contained in the advertisements attached as exhibits to this Complaint and referenced above, are false and misleading because at no time has any Plaintiff agreed to endorse, support, or be affiliated with Mango Tango, or allow Defendant to use their Images to advertise for and promote Mango Tango.

102.    Furthermore, Defendant knew that they did not have authorization from Plaintiffs to use Plaintiffs' Images and knew that Plaintiffs had not agreed to endorse, sponsor, or be otherwise affiliated with Mango Tango.

103.    Additionally, none of the Plaintiffs received any compensation from Defendant for its use of their Images to advertise and promote the Mango Tango, and Defendant knew that it did not provide Plaintiffs with any compensation for its use of their Images.

104.    Defendant's advertisements using Plaintiffs' Images also falsely implied that Plaintiffs worked at or would be appearing at Mango Tango.

105.    Again, Defendant knew that none of the Plaintiffs worked at or would be appearing at Mango Tango and therefore knew the advertisements were false in this regard.

106.    Defendant caused irreparable harm to Plaintiffs, their reputations, and brands by denying them the right to control the use of their Images and likenesses and using their likenesses and Images in online advertisements for Mango Tango that falsely indicated Plaintiffs were affiliated with, endorse, or otherwise support or approve of Mango Tango or its activities.

KRB/27609

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

107.    Defendant has also damaged Plaintiffs as a direct and proximate result of their unauthorized use of Plaintiffs' Images, likenesses and/or identities without compensating Plaintiffs.

108.    Due to Defendant's false and misleading advertisements, which unlawfully use Plaintiffs' Images and likenesses without authorization or compensation, Plaintiffs have been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

## FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition/Misappropriation)

109.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

110.    Plaintiffs are all well-known, successful, professional models who have invested a significant amount of time, effort, and money into cultivating, developing, and establishing their identity and brand as a professional model.

111.    Plaintiffs' investment in the development of their identity and brand has resulted in their respective images and likenesses being associated with their distinctive and unique brand and identity.

112.    Defendant's unlawful use of Plaintiffs' Images and likenesses in advertising was done without any compensation to Plaintiffs, who make a living by marketing their brand and likeness for use by different companies to promote goods and service in print, online, and television advertising.

113.    Defendant has benefited from its use of Plaintiffs' Images, but has done so without the permission or authorization of Plaintiffs, and without providing any remuneration to Plaintiffs.

KRB/27609

114.    Defendant caused irreparable harm to Plaintiffs, their reputations, and brands by denying them the right to control the use of their Images and likenesses and using their likenesses and Images in online advertisements for Mango Tango without Plaintiffs' permission.

115.    Defendant has also damaged Plaintiffs as a direct and proximate result of their unauthorized use of Plaintiffs' Images, likenesses and/or identities without compensating Plaintiffs.

116.    Due to Defendant's misappropriation of Plaintiffs' Images, Plaintiffs have been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

### FIFTH CAUSE OF ACTION
**(Negligence/*Respondeat Superior*)**

117.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

118.    Plaintiffs are further informed and believe and hereon allege that Defendant maintains or should have maintained employee policies and procedures which govern the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the unauthorized and non-consensual use of intellectual property, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

119.    Further, Defendant should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

120.    Defendant owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

23

KRB/27609

121.    Similarly, Defendant further owed a duty of care to Plaintiffs to ensure that their promotional and/or advertising materials and campaigns did not deceptively or falsely portray a connection, affiliation, or sponsorship between Plaintiffs and Mango Tango.

122.    Defendant breached its duty of care to Plaintiffs by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

123.    Defendant further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Nevada law, were not violated.  Defendant breached its duty of care to Plaintiffs by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

124.    Defendant's breach was the proximate cause of the harm Plaintiffs suffered when their Images were published without consent, authorization, or compensation, and done so in a false, misleading and/or deceptive manner.

125.    As a result of Defendant's negligence, Plaintiffs have suffered damages in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(Unjust Enrichment)**

126.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

127.    As set forth in detail above, Defendant published Plaintiffs' Images in order to promote Mango Tango to the general public and potential clientele.

KRB/27609

128.    Defendant's publication was for the purpose of creating a false impression to the general public that Plaintiffs either worked at or would be appearing at Mango Tango, or endorsed or were otherwise affiliated with Mango Tango.

129.    Defendant's purpose in publishing Plaintiffs' Images was to benefit commercially due to their purported association with, employment of, and/or endorsement by Plaintiffs.

130.    Upon information and belief, Defendant did in fact benefit commercially due to their unauthorized use of Plaintiffs' Images.

131.    Defendant have been enriched by their unauthorized control over, and publication of, Plaintiffs' Image because said publication has assisted Defendant in attracting clientele to Mango Tango.

132.    Plaintiffs have not been compensated for Defendant's commercial exploitation of their Images, and thus any financial benefit which Defendant received due to said exploitation is unjust.

133.    As such, Plaintiffs have been damaged in an amount to be determined at trial.

**DEMAND FOR JURY TRIAL**

134.    Plaintiffs hereby demand a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request Judgment in their favor and against Defendant as follows:

1.    For damages as provided in 15 U.S.C. § 1125(a);

2.    For attorneys' fees and costs of suit, as provided for in 15 U.S.C. § 1117;

3.    For an order permanently enjoining Defendant from using Plaintiffs' Images to promote the Club;

4.    For actual damages according to proof;

25                            KRB/27609

5.  For general damages according to proof;

6.  For special damages according to proof;

7.  For consequential damages according to proof;

8.  For reasonable attorneys' fees and costs as permitted by law;

9.  For prejudgment interest and royalties at the legal rate;

10. For such other relief as this Court deems just and proper; and

11. For punitive damages, in an amount to be determined at trial.

DATED this 16th day of February, 2022.

ALVERSON TAYLOR & SANDERS

*/s/ David M. Sexton*
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
Nevada Bar No. 14951
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000
efile@alversontaylor.com
kbonds@alversontaylor.com
dsexton@alversontaylor.com
*Attorneys for Plaintiffs*

N:\CLIENTS\27600\27609\pleading\Complaint_Mango Tango (Nightclub).docx

26

KRB/27609