**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
NICHOLAS F. PSYK, ESQ.
Nevada Bar No. 15983
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
efile@alversontaylor.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CLAUDIA SAMPEDRO, DENISE MILANI a/k/a DENISE TRLICA, JESSICA HINTON a/k/a JESSA HINTON, PAOLA CANAS, ROSIE WICKS a/k/a ROSIE JONES, and SANDRA VALENCIA,<br><br>Plaintiffs,<br>vs.<br><br>CAWACHA ENTERTAINMENT, LLC d/b/a MANGO TANGO NIGHTCLUB,<br><br>Defendant. | Case No. 2:22-cv-00296-RFB-BNW<br><br>**PLAINTIFFS' EX PARTE MOTION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT (SECOND REQUEST)** |

COMES NOW, Plaintiffs CLAUDIA SAMPEDRO, DENISE MILANI a/k/a DENISE TRLICA, JESSICA HINTON a/k/a JESSA HINTON, PAOLA CANAS, ROSIE WICKS a/k/a ROSIE JONES, and SANDRA VALENCIA ("Plaintiffs"), by and through their counsel, ALVERSON TAYLOR & SANDERS, hereby moves this Court for an Order extending the time to serve process on Defendant CAWACHA ENTERTAINMENT, LLC d/b/a MANGO TANGO NIGHTCLUB ("Defendant"). This Motion is based on the following Memorandum of Points and Authorities, the declaration of Counsel in support (attached as "**Exhibit A**"), and the papers and pleadings on file.

1   KB/27609

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs seek an extension of the time to personally serve Defendant. Rule 4(m) of the Federal Rules of Civil Procedure provides that the summons and complaint shall be served upon the defendant within 90 days of filing the complaint. Consequently, service of the February 16, 2022 Complaint in this case was to be made before May 17, 2022. After initial attempts at service were unsuccessful, Plaintiffs moved to enlarge the time to serve Defendant by an additional 90 days. *See* ECF 7. The court granted Plaintiffs' motion, making the new deadline to serve Defendant September 19, 2022. *See* ECF 9.

Rule 4(m) allows the Court to enlarge the time for service when the plaintiff shows good cause why such service was not made within 90 days.

The Ninth Circuit Court of Appeals has explained that:

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action."

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (citing Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). Generally, "good cause" exists where the plaintiff has been diligent in his effort to effect service or there are other mitigating circumstances. Worthen v. Aftermath, Inc., No. 2:11-cv-00344-RLH-CWH, 2011 U.S. Dist. LEXIS 126854, at *11 (D. Nev. Oct. 31, 2011).

Here, there is good cause as well as other mitigating circumstances for why Plaintiffs have not served Defendant within the initial, as well as the supplemental, 90-day time period. Plaintiffs have made, and continue to make attempts to properly serve Defendant, but attempts made so far have been unsuccessful. As shown by the filed Affidavit of Attempts, Plaintiffs have made several

attempts to effectuate service on the registered agent for Defendant, Jose David Aguilar-Medina, at his home address. See ECF [5]. When these attempts were unsuccessful, Plaintiffs ordered a skip trace to attempt to determine other avenues to serve Defendant, as outlined in the Declaration of Due Diligence filed with the Court. See ECF [6]. Plaintiffs continue to diligently seek other avenues to attempt to effectuate service on Defendant, including conducting surveillance on the registered agent for Defendant due to prior unsuccessful attempts at service. *See* Exhibit A. In addition, counsel for the Plaintiffs has experienced attorney turnover that has resulted in unforeseen delays in effectuating service on Defendant. *See Id.*

Given that Plaintiffs have been and continue to make diligent efforts to properly serve Defendant, good cause exists to justify an extension of time to serve the Complaint by an additional 90 days.

## II. CONCLUSION

Based upon the foregoing reasons, Plaintiffs respectfully request an Order Granting Plaintiffs' Ex Parte Motion for Enlargement of Time to Serve Defendant. A proposed order is attached as "**Exhibit B**."

DATED this 19ʰ day of September 2022.

ALVERSON TAYLOR & SANDERS

**ORDER**

**IT IS SO ORDERED**

**DATED:** 4:49 pm, September 20, 2022

*/s/ Kurt R. Bonds*
KURT R. BONDS, ESQ.
Nevada Bar #6228
NICHOLAS F. PSYK, ESQ.
Nevada Bar No. 15983
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for Plaintiffs*

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

N:\CLIENTS\27600\27609\pleading\Motion for Enlargement of Time to Serve Defendant (Second Request).doc